NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3060

VINCENT MCGUIRE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Vincent McGuire, of Pine Bluff, Arizona, pro se.

Michael D. Snyder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3060

VINCENT MCGUIRE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in
DA0752080104-I-1.

_____

DECIDED:  May 26, 2009

_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Vincent McGuire petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Army ("Army" or "agency") removing him from his position at the Pine Bluff Arsenal in Pine Bluff, Arkansas.  McGuire v. Dep't of Army, No. DA0752080104-I-1, slip op. at 2 (M.S.P.B. Sept. 18, 2008) ("Final Decision").  We affirm.

DISCUSSION

I.

Mr. McGuire was employed as an explosives operator at the Pine Bluff Arsenal in Pine Bluff, Arkansas. On October 3, 2006, the agency issued a notice of proposed removal to Mr. McGuire based upon a charge of threatening a co-worker with a knife. The charge indicated that, on September 6, 2006, Mr. McGuire pulled out a pocket knife, flipped out the blade, and told a co-worker, Karon Paul, that he would cut the buttons off her overalls. Mr. McGuire responded to the notice in writing, stating that he never threatened Ms. Paul. On October 25, 2006, Roch J. Byrne, Director of Ammunition Operations at Pine Bluff Arsenal, issued a decision letter addressing the issues raised in Mr. McGuire's response and removing Mr. McGuire from his position as explosives operator as of November 6, 2006.

On November 23, 2007, Mr. McGuire appealed the agency's removal decision to the Board. In due course, the administrative judge ("AJ") to whom the appeal was assigned held a hearing, at which she heard testimony from several witnesses regarding the September 6 incident. Because the agency removed Mr. McGuire from his position based on the charge of threatening a co-worker, the AJ considered the following factors set forth in Metz v. Dep't of Treasury, 780 F.2d 1001, 1002 (Fed. Cir. 1986): (1) the listener's reactions; (2) the listener's apprehension of harm; (3) the speaker's intent; (4) any conditional nature of the statements; and (5) the attendant circumstances. See McGuire v. Dep't of Army, No. DA0752080104-I-1, slip op. at 4 (M.S.P.B. June 10, 2008) ("Initial Decision"). After considering the testimony, as well as

the attendant circumstances, the AJ issued an initial decision, in which she sustained the agency's removal of Mr. McGuire from his position. Initial Decision, slip op. at 7.

The Initial Decision became the final decision of the Board after the Board denied Mr. McGuire's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision, slip op. at 1–2. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Before the Board, Mr. McGuire did not dispute that, on September 6, he had a pocket knife in his hand and that he told Ms. Paul that he would cut the buttons off her overalls. Initial Decision, slip op. at 7. Rather, he contended that the incident occurred in a "joking context." Id. However, the AJ found Mr. McGuire's testimony less credible than the testimony of Ms. Paul, who testified that she had felt threatened by Mr. McGuire and did not believe that he was joking. Id. In addition, the AJ found the testimony of three of Ms. Paul's co-workers, who witnessed the September 6 incident and testified that Ms. Paul was visibly upset after the incident, more credible than the testimony of Mr. McGuire. Id. On this basis, the AJ sustained the agency's action.

The decision of the Board in this case turned on the issue of witness credibility. "The evaluation of witness credibility is a matter within the discretion of the AJ and is 'virtually unreviewable.'" <u>Frey v. Dep't of Labor</u>, 359 F.3d 1355, 1361 (Fed. Cir. 2004). Mr. McGuire has not presented us with any reason as to why we should depart from this rule. Under these circumstances, the decision of the Board is neither unsupported by substantial evidence nor incorrect as a matter of law.

For the foregoing reasons, the final decision of the Board sustaining Mr. McGuire's removal from his position is affirmed.

No costs.